IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13-113 |
| ) | |
| PETER WOODLEY ) | |

## OPINION

DIAMOND, D.J.

Presently before the court is defendant Peter Woodley's Motion to Dismiss Deficient Charge, or Alternatively for a Bill of Particulars and for Inspection of Grand Jury Minutes (hereinafter, "defendant's Motion") (Document No. 143) and the government's Response in opposition thereto (Document No. 149). For reasons explained below, defendant's Motion will be denied in all respects.

### I. **Procedural History**

The procedural history of this case was set forth at length in the court's September 1, 2015, Opinion on defendant's motions to suppress evidence and motion for severance of counts. See Document No. 133, at 2-5. We need not recount the full procedural history here, except to detail the rather extensive pretrial motion practice that has occurred in this case.

On April 16, 2013, defendant was charged in a two-count indictment with conspiracy to distribute and possess with intent to distribute heroin from in and around December 2011, until in and around August 2012, in violation of 21 U.S.C. §846, and possession with intent to distribute

heroin on or about March 20, 2013, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(i).

Defendant's first court appointed counsel, Melvin Vatz, filed on his behalf the following pretrial motions which the court ruled on in an opinion and order dated December 30, 2013 (Document No. 47): (1) Motion to Suppress; (2) Motion for Discovery; (3) Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements; (4) Motion to Dismiss; and (5) Motion for Ordering of Government's Proof or for a Separate Hearing to Determine the Existence of a Conspiracy. Later in the case, Attorney James Robinson, who was defendant's third court appointed counsel, filed a Motion for <u>Franks</u> Hearing, which the court denied in an opinion and order dated July 21, 2014. <u>See</u> Document No. 74.

Prior to the court's July 2014 Opinion, the grand jury returned a three-count superseding indictment against defendant on July 15, 2014, charging him with conspiracy to distribute and possess with intent to distribute heroin from in and around December 2011, until in and around August 2012, in violation of 21 U.S.C. §846 (Count One), possession of a firearm by a convicted felon on or about September 17, 2012, in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count Two), and possession with intent to distribute heroin on or about March 20, 2013, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (Count Three).

After defendant became dissatisfied with his third court appointed counsel and retained Attorney William Norman, who is his current counsel, **he was ordered to file "any additional pretrial motions he wishe[d] to file by June 8, 2015."** <u>See</u> Order of Court dated May 12, 2015 (Document No. 110) (emphasis added). Defendant then filed the following pretrial motions: (1) Motion to Suppress All Evidence Discovered During Vehicle Search Occurring September 17, 2012; (2) Motion for Severance of Counts for Trial; and (3) Motion to Suppress All Evidence

2

AO 72
(Rev. 8/82)

Seized from Defendant's Person on March 20, 2013, which the court ruled on in its September 1, 2015, opinion and order. See Document No. 133.

Subsequently, the court ordered jury selection and trial to begin on December 7, 2015. The parties filed a joint motion to continue trial, which the court granted after a status conference held on November 19, 2015. Trial is currently scheduled to begin on March 7, 2016.

Despite the long since passed June 8, 2015, deadline for filing pretrial motions, defendant filed on November 17, 2015, the pending motion to dismiss or alternatively for a bill or particulars and grand jury minutes. The court accepted defendant's untimely pretrial motion and will deny it for the reasons explained below, but emphasizes that it will not accept any additional pretrial motions in this case. The deadline for filing pretrial motions was over seven months ago, defendant was afforded multiple opportunities to file pretrial motions, and the various lawyers who have represented defendant filed numerous, substantive motions on his behalf. This case is ripe for disposition and trial will proceed as scheduled on March 7, 2016.

II. **Motion to Dismiss Deficient Charge, or Alternatively for a Bill of Particulars and for Inspection of Grand Jury Minutes (Document No. 143)**

Count One of the superseding indictment charges that defendant was involved in a heroin distribution conspiracy from in and around December 2011 until in and around August 2012. Defendant argues that Count One does not comply with Federal Rule of Criminal Procedure 7 and should be dismissed because it fails to notify him of the particulars of the offense sufficient to allow him to prepare for trial. According to defendant, the charge is devoid of any description of the "means and manner" of the conspiracy or the overt acts that any participant took in furtherance of the conspiracy. Defendant claims Count One fails to describe who he conspired with, what his

3

role was in the conspiracy, what conduct he engaged in and who else was involved in the conspiracy. Because of these purported deficiencies, defendant contends that the conspiracy charge in Count One should be dismissed.

If Count One is not dismissed, defendant alternatively requests that the government be ordered to supply a bill of particulars so he can meaningfully prepare for trial. In addition, defendant requests that he be permitted to inspect the grand jury transcripts so that he can discern the "true nature of the conspiracy charge."

As we explain below, Count One of the superseding indictment is not deficient and thus will not be dismissed. Further, a bill of particulars is not warranted in this case, and defendant has not set forth a particularized need for the grand jury transcripts, therefore defendant's Motion will be denied in all respects.

> A. **Count One of the superseding indictment sufficiently charges a heroin distribution conspiracy against defendant, thus dismissal is not required.**

The Federal Rules of Criminal Procedure require that an indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. See Fed.R.Crim.P. 7(c)(1). An indictment is sufficient if it includes the elements of the offense charged, apprises the defendant of what he must be prepared to defend against at trial, and enables him to plead an acquittal or conviction as a bar to subsequent prosecutions for the same offense. United States v. Rawlins, 606 F.3d 73, 78-79 (3d Cir. 2010); United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007).

In charging an offense, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke

4

double jeopardy in the event of a subsequent prosecution." United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)). Accordingly, an indictment may "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" United States v. Cefaratti, 221 F.3d 502, 507 (3d Cir. 2000) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

Defendant is charged in Count One of the superseding indictment with conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. §846. Section 846 makes it a crime to "attempt[] or conspire[] to commit any offense defined in this subchapter" and further states that such a person "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The underlying offense of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(i) is the object of the charged conspiracy in Count One. Those provisions make it a crime to knowingly or intentionally distribute or possess with intent to distribute one (1) kilogram or more of heroin.

The elements of a drug conspiracy under 21 U.S.C. §846 are: (1) that two or more persons agreed to distribute and/or possess with the intent to distribute a controlled substance; (2) that the defendant was a party to or member of that agreement; and (3) that the defendant joined the agreement or conspiracy knowing of its objective to distribute and/or possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective. See Third Circuit Model Criminal Jury Instructions,

5

§6.21.846B; United States v. Claxton, 685 F.3d 300, 305 (3d Cir. 2012); see also, United States v. Sampson, 2012 WL 214707, *2 (M.D. Pa. Jan. 24, 2012) (an indictment under 21 U.S.C. §846 is sufficient if it alleges the existence of a drug conspiracy, the operative time of the conspiracy and the statute allegedly violated).

Here, the court is satisfied that Count One of the superseding indictment complies with Rule 7(c)(1) and is sufficient to charge a drug conspiracy against defendant. Count One tracks the statutory language and charges that from in and around December 2011, until in an around August 2012, in this District and elsewhere, defendant knowingly, intentionally and unlawfully conspired with persons known and unknown to the grand jury to distribute and possess with intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. §846. Count One identifies the existence of a drug conspiracy, the operative time of the conspiracy and the statute allegedly violated. In addition, Count One specifies the amount of controlled substance involved, and alleges that defendant knowingly and intentionally conspired with other persons to achieve the purpose of the conspiracy, that is to distribute and possess with intent to distribute heroin. Count One sufficiently charges a drug conspiracy against defendant to enable him to prepare his defense and to ensure that he will not be prosecuted twice for the same offense.

Further, defendant is incorrect that Count One is deficient because it does not list any overt acts undertaken by conspiracy members. Contrary to defendant's contention, a drug conspiracy under 21 U.S.C. §846 does not require an overt act in furtherance of the conspiracy. See United States v. Shabani, 513 U.S. 10, 11 (1994); see also United States v. Johnstone, 856 F.2d 539, 542 (3d Cir. 1988) ("It is neither an element of 21 U.S.C. § 846 nor a constitutional requirement that a defendant have committed an overt act in furtherance of the conspiracy."). Defendant also is

6

incorrect that a drug conspiracy charge must contain a description of the defendant's role in the conspiracy. See Johnstone, 856 F.2d at 542 (holding that the indictment need not specifically allege the role the defendant played in carrying out a drug conspiracy). Accordingly, defendant's motion to dismiss Count One of the superseding indictment is without merit and will be denied.

### B.  A bill of particulars is not warranted in this case.

Defendant requests that the government be ordered to supply him with a bill of particulars so that he may meaningfully prepare for trial. A bill of particulars is not warranted and defendant's request will be denied.

A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted). The purpose of a bill of particulars is to inform the defendant adequately of the nature of the charges brought against him so as to enable him to prepare his defense, to avoid surprise during the trial, and to protect him against a second prosecution for an inadequately described offense. Id. The granting of a bill of particulars is within the discretion of the district court. United States v. Adams, 759 F.2d 1099, 1113 (3d Cir. 1985).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the government's investigation, but rather to give the defendant only that minimum amount of information necessary to allow him to conduct his own investigation. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Here, the superseding indictment sufficiently provides the particulars of the conspiracy offense to place defendant on notice of that with which he has been charged and to permit him to conduct his own investigation. In addition, the government's Response explains its theory that defendant conspired to distribute heroin between December 2011

AO 72
(Rev. 8/82)

and August 2012, with the same confidential source used in connection with defendant's March 20, 2013, arrest.[1] According to the government, defendant supplied heroin to the confidential source, who in turn supplied other heroin distributors in the Pittsburgh area. The government states that defendant should expect the testimony of the confidential source along with other witnesses who will corroborate that testimony, as well as evidence seized from the September 17, 2012, traffic stop involving defendant and evidence of the events that led to defendant's arrest on March 20, 2013. In considering a motion for a bill of particulars, the court may consider information conveyed to the defendant beyond the allegations of the indictment. See Urban, 404 F.3d at 772. Given the superseding indictment itself along with the information supplied by the government, defendant has been sufficiently apprised of the particulars of the charged drug conspiracy offense to permit him to prepare for trial. Accordingly, defendant's request for a bill of particulars will be denied.

### C. Defendant has not set forth a particularized need for grand jury transcripts.

Finally, defendant requests permission to inspect the grand jury transcripts. Defendant's request will be denied.

---

[1] In moving for a bill of particulars, defendant complains that the only party the government has identified as a co-conspirator is the confidential source, but he argues that one cannot conspire with a government agent. See defendant's Motion at 7. The court previously ruled on this issue in connection with defendant's Motion to Dismiss (Document No. 30), in which he argued that the drug conspiracy charge should be dismissed because the government cannot prove a conspiracy between defendant and a government informant. In the Opinion dated December 30, 2013, the court noted that one cannot be convicted of conspiring only with a government agent or informant; however, the confidential source in this case apparently did not become a government informant until after the time period of the alleged conspiracy, thus dismissal of the drug conspiracy count was not warranted at that time. See Document No. 47, at 12-13. However, the Opinion specified that defendant could renew his motion if the government fails to prove at trial that he participated in a conspiracy with any individual(s) other that a government informant during the time period alleged in Count One. Id. at 13.

8

It is settled federal policy that the grand jury system requires secrecy of grand jury proceedings. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-19 (1979). Federal Rule of Criminal Procedure 6(e) is intended to preserve secrecy by preventing the disclosure of matters that occur before a grand jury. Secrecy is not absolute, and Rule 6(e) has built-in exceptions.

Rule 6(e)(3)(E)(ii), which defendant cites in his Motion, gives courts the power to authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." To obtain grand jury transcripts, a party must show a "particularized" need for the disclosure. United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958); see also United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989) ("To support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy.").

Here, defendant has not demonstrated a particularized need for the grand jury transcripts. Defendant's Motion fails to show that any ground may exist to dismiss the indictment due to irregularities in the grand jury proceedings. See Fed.R.Crim.P. 6(e)(3)(E)(ii). Rather, defendant seeks disclosure "so that he may know the true nature of the conspiracy charge that the government solicited the grand jury to return against him." See defendant's Motion at 8. According to defendant, nothing in the discovery materials could have supported the grand jury returning an indictment against him on the conspiracy charge in Count One, thus he theorizes "that there is a strong probability that the grand jury was presented with a cast of factual embellishments that induced its return of the conspiracy count in this case." Id. at 9. Defendant's suggestion of

AO 72
(Rev. 8/82)

impropriety and speculation about what the grand jury transcripts may reveal are insufficient to establish a particularized need for disclosure. See United States v. Minerd, 299 Fed. Appx. 110, 111–112 (3d Cir. 2008) (holding that the defendant's vague allegation that the government had committed fraud before the grand jury did not demonstrate particularized need for disclosure). Therefore, defendant's request to inspect grand jury transcripts will be denied.

### III. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss Deficient Charge, or Alternatively for A Bill of Particulars and for Inspection of Grand Jury Minutes will be denied in all respects.

An appropriate order will follow.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

Date: January 15, 2016

cc: Brendan T. Conway
    Assistant U.S. Attorney

    William B. Norman, Esq.
    Norman & Tayeh, LLC
    795 Sharon Drive
    Suite 206
    Westlake, OH 44145

AO 72
(Rev. 8/82)