IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) ) ) | Criminal No. 13-113 |
| PETER WOODLEY | ) | |

## MEMORANDUM AND ORDER OF COURT

On September 1, 2015, the court entered and Opinion and Order on defendant's Motion to Suppress All Evidence Discovered During Vehicle Search Occurring September 17, 2012 (Document No. 111); (2) Motion for Severance of Counts for Trial (Document No. 113); (3) Motion to Suppress All Evidence Seized from Defendant's Person on March 20, 2013 (Document No. 114); and (4) Motion for a Hearing Pursuant to Franks v. Delaware (Document No. 115). For reasons fully explained in its 27-page opinion, the court denied defendant's suppression motions and motion for a Franks hearing, and denied defendant's severance motion to the extent he sought to sever Count Two of the superseding indictment (the firearm count) from the two drug counts for trial, although the court ordered a bifurcated trial procedure. See Opinion and Order dated September 1, 2015 (hereinafter, the "Opinion") (Document Nos. 133 and 134).

Presently before the court is defendant's Motion to Vacate Judgment Denying Suppression and/or Franks Hearing, or Alternatively, to Modify, Alter or Amend Opinion (defendant's "Motion") (Document No. 140) and the government's Response in opposition thereto (Document No. 148). For reasons explained below, defendant's Motion will be denied in all respects.

At the outset, the court reaffirms all of its rulings set forth in the Opinion and will not repeat in detail the rationale for its decision denying defendant's suppression motions and motion for a Franks hearing. Defendant's Motion makes clear that he disagrees with the court's rulings on these

matters, and defendant's objections are noted for the record. The court will only briefly address defendant's contentions that the Opinion should be vacated, modified, altered or amended. To the extent that defendant continues to believe the court's rulings are in error, he may pursue an appeal at the appropriate time.

Defendant first argues that he did not have to demonstrate that he would prevail at a Franks hearing to be entitled to such a hearing, and believes that he has done what is necessary to obtain a hearing.[1] Apparently, defendant misapprehends the holding of Franks v. Delaware, 438 U.S. 154 (1978), and/or the court's ruling on his motion for a Franks hearing.

To repeat what was stated in the Opinion, in order to establish that a hearing is warranted, Franks requires the defendant to make a substantial preliminary showing that the affidavit contained a false statement, which was made knowingly and intentionally or with reckless disregard for the truth, and which is necessary to the finding of probable cause. Franks, 438 U.S. at 155-56, 171. **In order to make the substantial preliminary showing, the defendant cannot rest on mere conclusory allegations or a "mere desire to cross-examine," but rather must specifically identify the alleged false statements or omissions in the affidavit and present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses.** Id. at 171 (emphasis added); see also United States v. Yusef, 461 F.3d 374, 383 n.8 (3d Cir. 2006). If the requirements of the substantial preliminary showing "are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Franks, 438 U.S. at 171-72.

---

[1] Defendant argued that he was entitled to a Franks hearing because both the Bouye and Cobb Affidavits contained material misrepresentations or omissions. Defendant contended that law enforcement unlawfully obtained data location information for the cellular telephone associated with him, which enabled them to track his location and ultimately locate, seize and detain him and his duffle bag that contained heroin.

However, if the remaining content is insufficient, the defendant is entitled to a hearing.[2] Id. at 172.

Contrary to defendant's assertion, the court did not hold that defendant had to demonstrate he would ultimately prevail to obtain a Franks hearing. Rather, the court held that defendant was not entitled to a Franks hearing with respect to the Bouye Affidavit and the Cobb Affidavit because: (1) he lacks standing to challenge the acquisition of data location information transmitted from the cellular telephone associated with him; and (2) even if he had standing, he failed to make the substantial preliminary showing required by Franks to obtain a hearing regarding information contained in either Affidavit.

To reiterate, a Franks hearing is required only if the substantial preliminary showing is made and that requirement was not met here. While defendant identified certain statements in the Bouye and Cobb Affidavits that he contended were false and alleged that other information was omitted, defendant did not submit any material to contradict the Affidavits. The only material defendant submitted was his own affidavit, which the court explained did not contradict the Bouye or Cobb Affidavits. See Opinion at 19-20. Defendant obviously believes that his affidavit was a sufficient offer of proof, but for reasons explained in the Opinion, the court disagrees.

To repeat once again, the court held that defendant failed to make the substantial preliminary showing necessary to obtain a Franks hearing. The court did not hold, contrary to defendant's current claim, that he had to demonstrate he would prevail at a Franks hearing in order to get a hearing. Defendant further argues that the court deprived him of the opportunity to present his claims "in the fully developed manner he would be availed of the ability to do only after a

---

2 If a Franks hearing is held, and the defendant proves by a preponderance of the evidence that the false statements or omissions were made knowingly and intentionally or with a reckless disregard for the truth, and with the affidavit's false material set aside, the remaining content is insufficient to establish probable cause, then the warrant must be voided and the fruits of the search must be excluded from the trial. Franks, 438 U.S. at 156; see also United States v. Frost, 999 F.2d 737, 743 (3d Cir. 1993).

hearing to solicit testimony and require the production of evidence." See defendant's Motion at 3. But, as we have stated numerous times, a defendant must make a substantial preliminary showing to obtain a Franks hearing. Defendant has not submitted any material which changes the court's determination that a Franks hearing is not warranted in this case.

Defendant next argues the Opinion failed to address his claim that suppression is warranted because law enforcement failed to obtain an anticipatory warrant.[3] According to defendant, the court merely "adverted" to the issue in a footnote. Contrary to defendant's view, the court found that it would have been impossible for the agent to apply for an anticipatory warrant. If defendant is unclear about the court's ruling, the court repeats and reaffirms it here: the court rejects defendant's argument that a Fourth Amendment violation occurred because the agent failed to obtain an anticipatory search warrant.

According to defendant, "[t]he analysis due Woodley on this issue has not been afforded him." See defendant's Motion at 6. The court believes it sufficiently has addressed defendant's argument, see Opinion at 22, n.9, but defendant may challenge the court's ruling on appeal if he disagrees.[4] In any event, we note that defendant's anticipatory warrant argument is undercut by the court's ruling that law enforcement had ample probable cause to arrest defendant when he exited the Greyhound bus in Pittsburgh, and if they had immediately done so, they would have been permitted to search his duffle bag incident to his arrest. Instead of immediately placing defendant

---

[3] Despite an earlier ruling in the court's December 2013 Opinion that the detention of defendant's duffle bag while the agent obtained a search warrant was reasonable under the circumstances, see Document No. 47, at 8-10, defendant argued that law enforcement should have obtained an anticipatory search warrant because it would have minimized the amount of time defendant and his bag were detained. Since the agent failed to obtain an anticipatory search warrant, defendant maintained that the detention was unnecessarily prolonged and the heroin should be suppressed.

[4] Defendant argues that the anticipatory warrant issue is unreviewable because, in defendant's estimation, the court did not issue a ruling with findings of fact and conclusions of law. Defendant is incorrect. The court has rejected defendant's anticipatory warrant argument, finding that no Fourth Amendment violation occurred for the reasons explained in the Opinion. Although the court's ruling on this issue apparently is not in defendant's desired or preferred format, the issue is preserved for appellate review.

under arrest and searching his bag, the agents detained him while they obtained a search warrant. As this court has previously ruled, even if defendant is correct that his detention was so long that it constituted a *de facto* arrest, that arrest was supported by ample probable cause and the detention of his duffle bag was reasonable under the circumstances.

Defendant also argues that the court's conclusion that probable cause existed to arrest him when he exited the Greyhound bus is unreviewable because the court did not identify the offense for which he could have been arrested. The record in this case makes clear that the investigation of defendant involved conspiracy to distribute heroin and possession with intent to distribute heroin. See Opinion at 21 (describing why probable cause existed to arrest defendant when he exited the bus and referencing information from the confidential source regarding discussions with defendant concerning heroin and defendant's plan to transport it to Pittsburgh). To state the obvious, law enforcement had probable cause to arrest defendant for conspiracy to distribute heroin and/or possession with intent to distribute heroin.[5]

Defendant next revisits his argument concerning standing to challenge the acquisition of data location information transmitted from the cell phone associated with him. According to defendant, the court was obliged to afford him a hearing since he swore in an affidavit that he turned off his cell phone while traveling by bus from New Jersey to Pittsburgh, thus the only way law enforcement could have tracked his location was by remotely powering on his phone. The court explained in the Opinion that defendant's affidavit does not contradict the statement in the Cobb Affidavit that data location information confirmed the cell phone associated with him

---

5 Defendant believes the court should make findings of fact and conclusions of law on this matter. The court previously explained its probable cause finding in its December 2013 Opinion, see Document No. 47, at 7, and repeated them in the September 2015 Opinion. See Document No. 133, at 21. Again, although the court's Opinion may not be in defendant's preferred format, the court believes it has sufficiently identified the factors which support the finding of probable cause to arrest defendant for the drug trafficking offenses with which he was charged in the superseding indictment.

AO 72
(Rev. 8/82)

traveled from New Jersey to Pittsburgh on the morning of March 20, 2013. As the court explained, although defendant claimed he turned off his cell phone, he did not submit any offer of proof or sworn statement indicating that the government remotely powered on the cell phone to track his whereabouts, other that his own unsubstantiated assertion. Defendant now submits an article suggesting that the NSA can remotely turn on a cell phone. Other than an article suggesting the government has this capability, defendant has not submitted any information to support his bald assertion that law enforcement actually powered his phone on to track his whereabouts. For reasons previously stated, the court reaffirms its conclusion that defendant does not have standing to challenge the acquisition of data location information transmitted from the cell phone associated with him, and he is not entitled to a hearing.

Defendant also claims that "[t]he law on abandonment does not support the court's factual conclusion that [he] abandoned the bag in the trunk." According to defendant, to the extent the court found that defendant abandoned his bag, the court "fails to appreciate the contemporary parlance by which urban youth communicate." See defendant's Motion at 10. Defendant asserts that his response indicating he only had compact discs in the vehicle was not meant to be an exhaustive list of his possessions in the vehicle, but rather that he was speaking in a "clipped" manner. Id. This argument relates to defendant's motion to suppress evidence from the search of a vehicle rented in another person's name, but the rental agreement had expired and the rental car company consented to a search of the vehicle.

Defendant appears to misapprehend the court's ruling on his motion to suppress evidence from the vehicle search. In accordance with United States v. Kennedy, 638 F.3d 159, 165 (3d Cir. 2011),[6] the court held that defendant lacked standing to challenge the search of the rental vehicle.

---

6 In Kennedy, the Third Circuit held that the driver of a rental car who had been lent the car by the renter, but who was not listed on the rental agreement as an authorized driver, lacks a legitimate expectation of privacy in the

AO 72
(Rev. 8/82)

Nonetheless, and despite the fact that a representative of the car rental agency consented to a search of the vehicle, defendant argued that he could challenge the search of the duffle bag found in the trunk. As set forth in the court's Opinion, defendant's argument is inconsistent with Supreme Court and Third Circuit precedent. As stated in the Opinion, "closed containers in cars [can] be searched without a warrant because of their presence within the automobile . . . [and] the privacy interest in those closed containers yield[s] to the broad scope of an automobile search." California v. Acevedo, 500 U.S. 565, 572 (1991) (citing United States v. Ross, 456 U.S. 798 (1982)). Further, a defendant who fails to alert the police to his ownership interest in a bag within the vehicle that is searched ultimately does not retain an expectation of privacy. See United States v. Anderson, 859 F.2d 1171, 1177 (3d Cir. 1988).

Based on this authority, the court ruled in the Opinion that defendant lacked standing to challenge the search of the duffle bag for the following reasons: (1) as an unauthorized driver of the rental vehicle, defendant had no reasonable expectation of privacy in the vehicle or its contents; and (2) after the car rental agency representative consented to a search of the vehicle, defendant claimed that he only had compact discs in the car, not a duffle bag, thus he failed to assert any expectation of privacy in the bag.

Contrary to defendant's position, the court did not find that he abandoned the bag. Rather, as set forth in the Opinion and repeated here, the court held that defendant did not have standing to challenge the search of the rental vehicle or the bag located in the trunk. Furthermore, there was no Fourth Amendment violation because the vehicle was searched with the consent of the car rental agency representative, and that search properly extended to all containers within the vehicle.

---

car unless extraordinary circumstances are present which suggest an expectation of privacy. Here, defendant was not listed on the rental agreement, he was only given permission by the renter, not the rental car company, to operate the vehicle, and no extraordinary circumstances were present, thus he lacked standing to challenge the search of the rental car.

Finally, defendant disagrees with the court's finding that the magistrate judge properly relied on information from the confidential source which was contained in the Bouye Affidavit in making the probable cause determination. According to defendant, information from the confidential source should not have been considered because it was not independently corroborated. As explained in the Opinion, the Bouye Affidavit explained the steps law enforcement took in the investigation, which served to corroborate information provided by the confidential source. See Opinion at 19, n.8. Although defendant believes that the information outlined in the Bouye Affidavit concerning the corroborating information is false or incomplete, which would entitle him to a Franks hearing, the court repeats its conclusion that defendant has not submitted any material to contradict the Bouye Affidavit, and he has not made the substantial preliminary showing required by Franks.

For the foregoing reasons, the court finds no basis to vacate its decision to deny defendant's suppression motions and his motion for a Franks hearing, nor does the court find any reason to modify, alter or amend its Opinion. Accordingly, defendant's Motion will be denied in all respects.

An appropriate order will follow.

ORDER

AND NOW, this 27th day of January, 2016, for the reasons stated in the Memorandum above, IT IS ORDERED that defendant's Motion to Vacate Judgment Denying Suppression and/or Franks Hearing, or Alternatively, to Modify, Alter or Amend Opinion (Document No. 140) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Brendan T. Conway
Assistant U.S. Attorney

William B. Norman, Esq.
Norman & Tayeh, LLC
795 Sharon Drive
Suite 206
Westlake, OH 44145

AO 72
(Rev. 8/82)